# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD JOSE DUPREE, JR, | ) | 1:11cv0565 OWW DLB |
| | ) | |
| | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| Plaintiff, | ) | REGARDING DISMISSAL OF ACTION |
| | ) | |
| v. | ) | |
| | ) | |
| JIM SCOTT, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Richard Jose Dupree, Jr., proceeding pro se and in forma pauperis, filed this civil rights action on February 25, 2011.

**DISCUSSION**

A.   Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

1

1            In reviewing a complaint under this standard, the Court must accept as true the allegations
2    of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740
3    (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick
4    v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,
5    Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
6    B.    Plaintiff's Allegations
7            Plaintiff's complaint is comprised of allegations against network television anchor Jim
8    Scott. Plaintiff alleges that Mr. Scott deceitfully extracted sexual favors from Plaintiff's future
9    wife, a meteorologist at the same television station.
10   C.    Analysis
11           Plaintiff's allegations appear to be delusional. Court records indicate that Plaintiff has
12   filed several other actions containing similar allegations. For example, in Case No. 2:11-cv-
13   00533-KJN, Plaintiff filed a habeas corpus action alleging that Mr. Scott deceitfully extracted
14   sexual favors from Plaintiff's future wife. The court also noted that Plaintiff's allegations were
15   delusional. Dupree v. Scott, 2:10-cv-00533 KJN, Dkt. No. 3 at 2.
16           A claim may be dismissed *sua sponte* if the allegations are found to be "fanciful,"
17   "fantastic," or "delusional" or if they rise to the level of the irrational or the wholly incredible.
18   Denton v. Hernandez, 504 U.S. 25, 33 (1992). An example of a factually frivolous claim
19   includes a claim describing fantastic or delusional scenarios. See Neitzke v. Williams, 490 U.S.
20   319, 328 (1989). Here, Plaintiff's complaint is subject to dismissal because the allegations made
21   "rise to the level of the irrational or the wholly incredible." Denton, 504 U.S. at 33.
22           Further, Plaintiff's claim fails as a matter of law. A civil rights suit brought pursuant to
23   42 U.S.C. § 1983 requires state action and the television news anchor defendant is not a state
24   actor. To succeed on a § 1983 damages claim, a plaintiff must demonstrate not only the
25   deprivation of a right secured by the Constitution or laws of the United States, but that the
26   defendant acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). A § 1983
27   claim can lie against a private party only when "he is a willful participant in joint action with the
28

State or its agents." Dennis v. Sparks, 449 U.S. 24, 27 (1980). Here, the fanciful allegations in Plaintiff's complaint are insufficient to support a § 1983 action.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be DISMISSED without prejudice.

These Findings and Recommendations will be submitted to the Honorable Oliver W. Wanger pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Fed. R. Civ. P. 72(b); Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **April 11, 2011**   /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE