# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD JOSE DUPREE, JR, | ) | 1:11cv0565 OWW DLB |
| | ) | |
| Plaintiff, | ) ) ) | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM WITHOUT LEAVE TO AMEND |
| v. | ) ) | (Document 15) |
| JIM SCOTT, | ) ) | |
| Defendant. | ) ) ) | |

### Screening Order

**I.    Procedural History**

Plaintiff Richard Jose Dupree, Jr., is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing a complaint on February 25, 2011.

On April 12, 2011, the Magistrate Judge issued Findings and Recommendation that Plaintiff's complaint be dismissed for failure to state a claim without prejudice. The Findings and Recommendation was served on Plaintiff and contained notice that any objections should be filed within thirty (30) days. Plaintiff did not file objections.

1     On April 18, 2011, Plaintiff filed a First Amended Complaint.  Ten (10) days later, on
2 April 28, 2011, Plaintiff filed an interlocutory appeal of the Findings and Recommendation.  On
3 June 29, 2011, the appellate court dismissed Plaintiff's appeal for lack of jurisdiction. (Doc. 19).
4     On July 8, 2011, the Magistrate Judge vacated the Findings and Recommendations dated
5 April 12, 2011, because Plaintiff filed a First Amended Complaint.  The First Amended
6 Complaint is now before the Court for review.
7     Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the
8 complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof
9 if the court determines that the action is legally "frivolous or malicious," fails to state a claim on
10 which relief may be granted, or seeks monetary relief from a defendant who is immune from such
11 relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state a claim,
12 leave to amend may be granted to the extent that the deficiencies of the complaint can be cured
13 by amendment.
14     In reviewing a complaint under this standard, the Court must accept as true the allegations
15 of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740
16 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick
17 v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,
18 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
19 **II.**    **Summary of First Amended Complaint and Analysis**
20     As with his original complaint, Plaintiff's First Amended Complaint is comprised of
21 allegations against network television anchor Jim Scott.  Plaintiff alleges that Mr. Scott
22 deceitfully extracted sexual favors from Plaintiff's future wife, a meteorologist at the same
23 television station.
24     Plaintiff's allegations appear to be delusional.  Court records indicate that Plaintiff has
25 filed several other actions containing similar allegations.  For example, in Case No. 2:11-cv-
26 00533-KJN, Plaintiff filed a habeas corpus action alleging that Mr. Scott deceitfully extracted
27 sexual favors from Plaintiff's future wife.  The court also noted that Plaintiff's allegations were
28 delusional.  Dupree v. Scott, 2:10-cv-00533 KJN, Dkt. No. 3 at 2.

1    A claim may be dismissed *sua sponte* if the allegations are found to be "fanciful,"
2 "fantastic," or "delusional" or if they rise to the level of the irrational or the wholly incredible.
3 Denton v. Hernandez, 504 U.S. 25, 33 (1992).  An example of a factually frivolous claim
4 includes a claim describing fantastic or delusional scenarios.  See Neitzke v. Williams, 490 U.S.
5 319, 328 (1989).  Here, Plaintiff's FAC is subject to dismissal because the allegations made "rise
6 to the level of the irrational or the wholly incredible."  Denton, 504 U.S. at 33.
7    Further, Plaintiff's claim fails as a matter of law.  A civil rights suit brought pursuant to
8 42 U.S.C. § 1983 requires state action.  The television news anchor defendant is not a state actor.
9 To succeed on a § 1983 damages claim, a plaintiff must demonstrate not only the deprivation of a
10 right secured by the Constitution or laws of the United States, but that the alleged deprivation
11 was committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48
12 (1988).  A § 1983 claim can lie against a private party only when "he is a willful participant in
13 joint action with the State or its agents."  Dennis v. Sparks, 449 U.S. 24, 27 (1980).  The fanciful
14 allegations in Plaintiff's complaint are insufficient to establish that the news anchor defendant
15 acted under color of state law.  Accordingly, the fanciful allegations do not support a § 1983
16 action.

## III.    Conclusion And Order

Plaintiff fails to state any cognizable claims.  The Court does not find that Plaintiff will be able to allege additional facts to cure the deficiencies identified herein.  Further leave to amend is not granted.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.  This action is dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983; and
2.  The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

**Dated:   July 8, 2011**           /s/ Oliver W. Wanger
                    UNITED STATES DISTRICT JUDGE